UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANCE SHOCKLEY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-CV-2520 SRC |
| | ) CAPITAL HABEAS |
| TRAVIS CREWS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner is a state prisoner who has been sentenced to death following his 2009 conviction for first degree murder in Carter County, Missouri. A jury found that petitioner murdered Missouri highway patrolman, Sergeant Carl DeWayne Graham, Jr., but left it to the Circuit Court Judge to decide whether to impose the death sentence.[1] On, November 20, 2018, the Supreme Court of Missouri affirmed petitioner's conviction and death sentence. *See Shockley v. State*, No. SC96633 (Mo.). The motion for rehearing was denied in the Supreme Court on September 3, 2019. *Id.* Petitioner was represented by William J. Swift during his post-conviction proceedings in the Supreme Court of Missouri.

The Office of the Federal Public Defender for the Western District of Missouri's Capital Habeas Unit ("Western District CHU") filed the instant motions seeking appointment of counsel for the filing of a federal habeas corpus petition on or about September 9, 2019.[2]

---

[1] Petitioner was also convicted of leaving the scene of an accident in November of 2004, prior to the Circuit Court's imposition of the death sentence in the 2009 criminal action. *See State v. Shockley*, No. 05C2-CR00080-01 (37th Judicial Circuit, Carter County Court).

[2] In the Western District CHU's first request for appointment of counsel in this matter, Doc. #2, the Western District CHU seeks to partner with another CHU in this case to provide learned counsel for petitioner in this matter. The Missouri Western District CHU seeks to partner with the Southern District of Ohio CHU, and the Western District CHU has already started the process of obtaining permission through the proper out-of-district protocol to use the Southern District of Ohio CHU in this action as secondary counsel. The Court can approve the Western District CHU's

Petitioner wishes to file a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state convictions and sentence. Consequently, petitioner is seeking appointment of counsel pursuant to *McFarland v. Scott*, 512 U.S. 849, 114 S. Ct. 2568, 129 L.Ed.2d 666 (1994), 18 U.S.C. §§ 3599(a)(2), and 3006A(a)(2)(B).

Section 3599 provides, in relevant part,

> In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f) [(relating to conditions of appointment)].

18 U.S.C. § 3599(a)(2).[3]

In *McFarland*, the United States Supreme Court construed this statutory right to counsel to include the right to legal counsel prior to the filing of a formal federal habeas corpus petition and held that "a 'post-conviction proceeding' within the meaning of [§ 3599(a)(2)] is commenced by the filing of a capital defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." *McFarland*, 512 U.S. at 856–57. Accordingly, once a capital defendant files a motion requesting appointment of counsel, as petitioner has done in this case, he is granted "a mandatory right to qualified legal counsel." *Id.* at 854. This right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858. The Supreme Court cautioned that "[w]here this opportunity is not

---

request to proceed as counsel at this time, but the Southern District of Ohio CHU will have to submit a separate motion for appointment of counsel in this action once it has received approval pursuant to the out-of-district protocol request.

[3] Section 620.10.20 in the Guide to Judiciary Policy, Vol. 7, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations, relates to the appointment of counsel in death penalty habeas proceedings. It states: (1) Under 18 U.S.C. § 3599(a)(2) a financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 or § 2255 is entitled to appointment of one or more qualified attorneys. (2) Due to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys.

afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889, 103 S. Ct. 3383, 77 L.Ed.2d 1090 (1983)).

Here, because the Court concludes that petitioner is indigent, and the Western District CHU has demonstrated that it possesses the special expertise in capital jurisprudence and thereby qualifies for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2) and (c), the Court will grant petitioner's motion for appointment of the Western District CHU as counsel.

Finally, a scheduling order will accompany this Memorandum and Order so that petitioner's counsel may utilize their time as counsel to properly investigate, research, prepare, and file his federal petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender's Office for the Western District of Missouri Capital Habeas Unit is **APPOINTED** to represent petitioner in this action, and as such, counsel's motions for appointment of counsel [2], [3] are **GRANTED.**

**IT IS FURTHER ORDERED** that after such time as secondary counsel, the Southern District of Ohio CHU, is approved to appear in this action pursuant to the out-of-district protocol, the Southern District of Ohio CHU shall move separately for appointment of counsel on behalf of petitioner.

**IT IS FURTHER ORDERED** that simultaneously with this Memorandum and Order, the Court shall issue an Initial Scheduling Order in this Capital Habeas Action.

Dated this 19th day of September, 2019.

*/s/ SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE