# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LANCE SHOCKLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-CV-2520 SRC |
| | ) CAPITAL HABEAS |
| TRAVIS CREWS, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

To ensure timeliness in this case, the Court by docket text order (Doc. 14) granted the motion for appointment of counsel of the Capital Habeas Unit of the Office of the Federal Public Defender for the Southern District of Ohio Capital Habeas Unit ("Southern District CHU") (Doc. 13) in this capital habeas matter.[1] This Memorandum explains the Court's reasons for granting the motion.

Petitioner is a state prisoner who has been sentenced to death following his 2009 conviction for first degree murder in Carter County, Missouri. A jury found that petitioner murdered Missouri highway patrolman, Sergeant Carl DeWayne Graham, Jr., but left it to the Circuit Court Judge to decide whether to impose the death sentence.[2] On, November 20, 2018, the Supreme Court of Missouri affirmed petitioner's conviction and death sentence. *See Shockley v. State*, No. SC96633 (Mo.). The motion for rehearing was denied in the Supreme Court on

---

[1]In the Memorandum in Support of the Motion for Appointment of Counsel, the Southern District CHU states that their request to represent petitioner out of district has been approved by the Administrative Office of the United States Courts, Chief Judge R. Guy Cole of the United States Court of Appeals for the Sixth Circuit and Chief Judge Lavenski R. Smith for the Eighth Circuit Court of Appeals.

[2]Petitioner was also convicted of leaving the scene of an accident in November of 2004, prior to the Circuit Court's imposition of the death sentence in the 2009 criminal action. *See State v. Shockley*, No. 05C2-CR00080-01 (37th Judicial Circuit, Carter County Court).

September 3, 2019. *Id.* Petitioner was represented by William J. Swift during his post-conviction proceedings in the Supreme Court of Missouri.

Petitioner, as an indigent litigant, is entitled to seek appointment of counsel pursuant to *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) and 18 U.S.C. § 3599(a)(2), in order to challenge the constitutionality of his state convictions and sentence. Section 3599 provides, in relevant part,

> In any post-conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f) [(relating to conditions of appointment)].

18 U.S.C. § 3599(a)(2).[3]

In *McFarland*, the United States Supreme Court construed this statutory right to counsel to include the right to legal counsel prior to the filing of a formal federal habeas corpus petition and held that "a 'post-conviction proceeding' within the meaning of [§ 3599(a)(2)] is commenced by the filing of a capital defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." *McFarland*, 512 U.S. at 856–57. Accordingly, once a capital defendant files a motion requesting appointment of counsel, as petitioner has done in this case, he is granted "a mandatory right to qualified legal counsel." *Id.* at 854. This right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858. The Supreme Court cautioned that "[w]here this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits

---

[3]Section 620.10.20 in the Guide to Judiciary Policy, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations, relates to the appointment of counsel in death penalty habeas proceedings. It states: (1) Under 18 U.S.C. § 3599(a)(2) a financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 or § 2255 is entitled to appointment of one or more qualified attorneys. (2) Due to the complex, demanding, and protracted nature of death penalty proceedings, judicial officers should consider appointing at least two attorneys.

would clearly be improper.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

The Court has previously concluded that petitioner is indigent and entitled to learned capital counsel. Moreover, after reviewing the qualifications of proposed counsel, the Court finds that both the Southern District CHU and the Office of the Federal Public Defender for the Western District of Missouri's Capital Habeas Unit ("Western District CHU") have demonstrated the special expertise in capital jurisprudence that qualifies both entities for appointment as capital habeas counsel under the standards set forth in 18 U.S.C. § 3599(a)(2). The Western District CHU was appointed to represent petitioner in this matter on September 19, 2019. At this time the Court will grant petitioner's motion for appointment of the Southern District CHU as co-counsel in this action.

A Scheduling Order was entered in this Capital Habeas on September 19, 2019. An extension of time to file the petition in this matter was granted on November 1, 2019. The petition is due to this Court no later than June 3, 2020.

Accordingly,

For the above stated reasons, the Court appointed the Office of the Federal Public Defender for the Southern District of Ohio Capital Habeas Unit to represent petitioner in this action, and as such, counsel's motion for appointment of counsel.

Dated this 17th day of December, 2019.

*SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE